[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO DISSOLVE PREJUDGMENT ATTACHMENTS
For the following reasons the motion of the defendant, Albert A. Garofalo, to dissolve the prejudgment attachments of the plaintiff Bank of Boston is hereby granted. The plaintiff has placed ex parte attachments on defendant's real and personal property pursuant to a commercial waiver provision of the loan documents governing a loan given to the defendant by the plaintiff. See C.G.S. § 52-278f.
The evidence indicates that plaintiff's debt, which exceeds $2.8 million, is secured by a mortgage on property owned by the defendant and located at 930 Mill Hill Terrace, Southport, Connecticut. This property has a value of approximately $8.8 million assuming that the present nursing home continues to operate at the site; in the absence of the nursing home, the property's value is estimated to be $900,000. A judgment lien of approximately $1 million has been placed on the property and the defendant's failure to have this lien removed constitutes a default under the terms of the mortgage. The judgment lien creditor has instituted a foreclosure action demanding, among other things, a receiver of rents and a foreclosure of the property.
The defendant seeks to dissolve the attachments because plaintiff is fully secured by its mortgage, and therefore, the attachments are inequitable and excessive. In response, the plaintiff claims that the foreclosure of the judgment lien may adversely affect the license to operate the nursing home at the site, which in turn, may affect the value of the property secured by the mortgage. CT Page 5719
Plaintiff's arguments are based entirely on speculative contingencies, which have not happened and might never happen. Plaintiff has not offered any evidence indicating that there is even a probable likelihood that the foreclosure action will in fact jeopardize the license to operate the funeral home or otherwise result in plaintiff's debt not being paid through its mortgage, which has priority over the judgment lien. For example, the plaintiff has not alleged that if the judgment lien creditor takes title of the property through the foreclosure action, that the creditor would seek to evict the nursing home as compared to having the nursing home continue to operate in light of the enhanced property value created by this business's continued operation. The undisputed facts of the matter are that at the present time the nursing home is operating and the value of the mortgaged property is more than $8 million dollars, far exceeding the amount of the debt.
A creditor cannot attach a defendant's property in excess of its existing security and become oversecured. BlakesleeArpaia Chapman v. E. I. Contractors, Inc., 32 Conn. App. 118,131-132 (1993) ("Thus, a plaintiff may be entitled to a prejudgment remedy because it has demonstrated the requisite probable cause, but it may still be denied the remedy if its interest is already adequately secured."). A creditor must provide evidence establishing that there is probable cause that is entitled to prejudgment attachments in addition to its existing security. Id.; accord Bank of New York v. Travelstead,
Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 146192 (November 29, 1995, Karazin, J.) (1995 WL 749541); Gateway Bank v. McGuire, 7 Conn. L. Rptr 179 (September 14, 1992, Hodgson, J.). This burden has not been met on this record where plaintiff's claims for additional security are based on possibilities that are presently remote and conjectural.
Dated this 1st of May 1997.
BY THE COURT,
STEVENS, JUDGE